FILED
COURT OF APPEALS
DIVISION II

2014 JUN 24 AM 9: 07

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45176-0-II |
| Respondent, | |
| v. | |
| RICHARD DEWAYNE DICKEY, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Richard D. Dickey appeals his sentence of 120 months incarceration with 12 months of community custody upon release. Dickey argues, and the State concedes, that Dickey's sentence was improper because the term of confinement and his term of community custody total more than the statutory maximum sentence for his crime.[1] We accept the State's concession and reverse and remand with instructions for the sentencing court to comply with RCW 9.94A.701(9).

## FACTS

On July 19, 2012, Dickey pleaded guilty to the charge of unlawful possession of methamphetamine with intent to deliver and requested admittance into "post disposition" drug court. The trial court accepted his plea and waived sentencing until Dickey completed the drug

---

[1] Because we reverse and grant Dickey's requested relief, we do not reach Dickey's other arguments regarding the invalidity of his plea and the doubling statute.

program. The agreement stipulated completion of the drug program would result in "a sentence of credit for time served." Clerk's Papers at 18. The maximum sentence is 10 years and a maximum fine of $20,000 per RCW 9A.20.021(1)(b)[2] should Dickey not complete the program.

Dickey failed to comply with the terms of the drug program, abandoning treatment on several occasions. Dickey also acquired additional felony charges. About a year after he entered the program, Dickey was terminated from drug court. The trial court sentenced Dickey to 120 months incarceration plus 12 months of community custody upon release.

## ANALYSIS

Dickey contends that reversal of his conviction is appropriate because the court imposed a sentence that exceeded the statutory maximum for his crime, in violation of RCW 9.94A.701(9). The State concedes that Dickey cannot be sentenced to incarceration plus community custody because the total exceeds the 10-year maximum sentence and, thus, violates the statute. We agree and accept the State's concession.

Under RCW 9.94A.505(5), "a court may not impose a sentence providing for a term of confinement or community custody that exceeds the statutory maximum for the crime as provided in chapter 9A.20 RCW." Possession of methamphetamine with intent to deliver has a statutory maximum sentence of no more than 10 years. RCW 69.50.401(2)(b). The combination of terms for confinement (120 months) and community custody (12 months) in this case exceeds the statutory maximum by 12 months. Accordingly, the trial court did not have authority to

---

[2] RCW 9A.20.021(1) states, "[N]o person convicted of a classified felony shall be punished by confinement or fine exceeding the following: . . . (b) For a class B felony, by confinement in a state correctional institution for a term of ten years, or by a fine in an amount fixed by the court of twenty thousand dollars, or by both such confinement and fine."

2

No. 45176-0-II

impose the sentence. The proper remedy is for the trial court to reduce Dickey's term of community custody. RCW 9.94A.701(9) provides,

> The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.

As described above, Dickey's total sentence was 12 months longer then the statutory maximum. The sentencing court must reduce Dickey's community custody sentence in order to comply with the statutory maximum. Reversed and remanded for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

WORSWICK, J.

MAXA, J.

3